OPINION *Page 2 
{¶ 1} Defendant-Appellant, James Dean, appeals his conviction of three counts of Gross Sexual Imposition, felonies of the third degree, in violation of R.C. 2907.05(A)(4), and two counts of Rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b). Following a bench trial, Appellant was acquitted of three other counts of Gross Sexual Imposition and two other counts of Rape. A presentence investigation was conducted and Appellant was sentenced to a period of incarceration totaling 25 years, which was ordered served consecutively to a sentence imposed by a court in Arizona.
 {¶ 2} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to Anders v. California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating the within appeal was wholly frivolous and setting forth a proposed assignment of error. Appellant did not file a pro se brief alleging any assignments of error.
 I. {¶ 3} "THE TRIAL COURT ERRED IN CONVICTING THE DEFENDANT OF THREE COUNTS OF GROSS SEXUAL IMPOSITION AND TWO COUNTS OF RAPE WITHOUT SUFFICIENT EVIDENCE TO SUPPORT THE CONVICTIONS."
 {¶ 4} In Anders, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client *Page 3 
with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 5} Counsel in this matter has followed the procedure in Anders v.California (1967), 386 U.S. 738, we find the appeal to be wholly frivolous and grant counsel's motion to withdraw. Appellant has not filed a brief of his own or suggested any other possible assignments of error.
 I. {¶ 6} In his potential assignment of error, Appellant argues his convictions for three counts of gross sexual imposition and two counts of rape were not supported by sufficient evidence.
 {¶ 7} Appellant, James Dean, lived in Holmes County, Ohio with the victim after his marriage to the victim's mother. The victim testified sexual abuse began to occur approximately six months after Appellant and her mother married. Appellant developed a routine with the victim which involved touching of erogenous zones. Sometimes this occurred while Appellant and/or the victim were naked. The conduct escalated to cunnilingus, although both the Appellant and the victim testified sexual intercourse did not occur. After several years of living in Ohio, the family moved to Arizona. Appellant and the victim were in the victim's room with the door locked on June 9, 2002. When *Page 4 
the victim's mother knocked on the door, Appellant, who was naked, hid in the victim's closet. The victim's mother was able to gain entrance to the child's room and discovered Appellant hiding in the closet. She called 911, and Appellant was arrested. The subsequent interviews of the Appellant and the victim revealed years of abuse.
 {¶ 8} In State v. Jenks (1981), 61 Ohio St.3d 259, 574 N .E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus. State v.Osborne, 2008 WL 763485, 2 (Ohio App. 5 Dist.).
 A. GROSS SEXUAL IMPOSITION COUNTS {¶ 9} The R.C. 2907.05(A)(4), the gross sexual imposition statute, provides:
 {¶ 10} (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 11} (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
 {¶ 12} R.C. 2907.01(B) provides the definition of sexual contact: *Page 5 
 {¶ 13} (B) "Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.
 {¶ 14} The undisputed testimony presented by the State was the victim in this case was under the age of thirteen when she lived in the State of Ohio with the Appellant. Further, the Appellant admitted the victim was his stepdaughter and not his spouse. Appellant admitted touching the victim's breasts and vagina while they were in Holmes County, Ohio, and he received sexual gratification from the touching. In his taped interview with Arizona police, Appellant stated this happened at least six times.
 {¶ 15} This statement, coupled with the victim's testimony relative to the dates of the touching, was sufficient evidence to support the finding of guilt.
 B. RAPE COUNTS {¶ 16} R.C. 2907.02 (A)(1)(b) is the rape statute which provides:
 {¶ 17} (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 {¶ 18} (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
 {¶ 19} The definition of sexual conduct is found in R.C. 2907.01(A):
 {¶ 20} "Sexual conduct" means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the *Page 6 
body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
 {¶ 21} Again, the testimony revealed the victim was under the age of thirteen at the time of the Ohio incidents, and the victim was Appellant's stepdaughter. Appellant admitted to performing cunnilingus on the victim in the State of Arizona, although he was unable to recall this happening in Ohio. The victim testified the cunnilingus began several months before they moved from Ohio to Arizona. She also testified it happened more than once in Ohio. This evidence is sufficient to support the findings of guilt as to the rape charges.
 {¶ 22} Appellant's assignment of error is overruled.
 {¶ 23} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the Holmes County Court of Common Pleas.
Hoffman, P.J., Wise, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Holmes County Court of Common Pleas is affirmed.
Attorney Jeffrey G. Kellogg's motion to withdraw as counsel for Appellant is hereby granted.
 COSTS TAXED TO APPELLANT. *Page 1